BURR, Respondent, vs. DANA, Appellant.

*September 24 — December 4, 1888.*

CHATTEL MORTGAGES.  *(1, 2) Mortgagee in possession of stock of goods: Sales and additions.  (3) Redemption: Accounting: Interest.*

1.  Where a mortgagee of a stock of goods took possession thereof and continued the business, making sales and replenishing the stock from time to time by the purchase of new goods, such additions became, in equity and as between the parties, part and parcel of the mortgaged stock, to be treated and accounted for as such.

2. The mortgagee in such a case having, besides new goods, purchased another stock of goods and commingled them with the mortgaged stock and made sales therefrom without keeping any separate account of the amount of such sales, it is *held* that such additional stock should, like the new goods, be treated as a part of the mortgaged stock.

3. In an accounting between the parties in such a case the mortgagee should be credited with the amount of the mortgage debt, with the cost of the goods added to the stock, and with the expenses of carrying on the business, and should be charged with the sums received from the sales of goods, whether out of the original stock or the additions thereto. He should be credited also with interest on the debt, and be charged with interest, from some average or equated time, on the amount which the net receipts from the business reduced the debt. Any amount received by the mortgagor from the proceeds of sales of the mortgaged property need not be included in the accounting.

APPEAL from the Circuit Court for *Fond du Lac* County. Replevin for a stock of boots and shoes in a certain store in the city of Ripon, alleged in the complaint to have been unlawfully taken by the defendant from the plaintiff on July 1, 1886, and unjustly detained by him. The action was commenced July 2, 1886. The answer of the defendant is (1) a general denial; and (2) a counterclaim, in which it is alleged that on February 24, 1886, the defendant and his partner, one Shaw, then engaged in the boot and shoe business at Ripon, borrowed of plaintiff $2,000, under an agreement to pay him $2,300 on May 1st following. To secure such payment the defendant and Shaw executed a bill of sale of their stock of goods to plaintiff; and thereupon plaintiff executed to Shaw, for the benefit of the firm of Dana & Shaw, a certain agreement annexed to and made part of the answer, in and by which the plaintiff retained full possession and control of the goods, but authorized Shaw to sell the same at retail, at prices not less than seventy-five per cent. of invoice or cost prices; Shaw to account to plaintiff for daily sales, and pay over to him

proceeds of sales, or return him boots and shoes of equal
value until the said $2,300 should be paid, at which time
the balance of goods remaining unsold was to be returned
to Shaw.   Failing to pay the $2,300 by May 1, 1886, Shaw
was to return to plaintiff all stock unsold at that date, and
an amount of money equal to seventy-five per cent. invoice
or cost price of those sold.

It is further alleged in such counterclaim that such agree-
ment was simply a defeasance, executed pursuant to the
original contract between the parties, which was that if
defendant and Shaw should pay the $2,300 to plaintiff by
May 1, 1886, the bill of sale of the stock executed by them
to the plaintiff should be void.   Also that defendant has
purchased Shaw's interest in the stock; that plaintiff had
received, on or before June 30, 1886, in cash, $2,055 on such
loan; that on that day defendant tendered him $680 for
any balance which might remain due on the loan, which
plaintiff refused to accept; and that plaintiff was in posses-
sion of said stock of goods from February 24, 1886, until
the defendant took possession thereof, June 30, 1886.   The
prayer of the counterclaim is, in effect, that the bill of sale
and agreement be adjudged to constitute a mortgage on
the stock of goods in question; that an account be stated
of the sum received by plaintiff thereon; and that, on pay-
ment of any balance found due plaintiff, the defendant be
adjudged the owner of the goods claimed by plaintiff in
this action.

The plaintiff replied to the counterclaim, denying that
the bill of sale is a mortgage for an alleged loan, and claim-
ing that it evidences an absolute and unconditional purchase
of the stock by him.

The issue was first tried as to whether the transactions
amounted to an absolute sale of the stock of goods, or only
a mortgage thereon to secure a loan of money, and was
found for the defendant.   That is to say, the court found

that the plaintiff was mortgagee of the stock, and not absolute owner thereof.

Thereupon the case was referred to J. W. Hiner, Esq., to take proofs and state two accounts of payments on the loan. This involved taking accounts of moneys received by plaintiff for goods sold, and paid out by him in the purchase of new goods and for expenses. One of these accounts was to cover the time from February 24 to July 2, 1886, when this action was commenced; the other, to cover the time from the commencement of the action to the date of the referee's report, August 1, 1887. The referee stated such accounts; and under date of August 1, 1887, reported that there was due plaintiff, July 1, 1886, $2,284.86, and on August 1, 1887, $1,690. The report is very full, including numerous details, many of which are not important in the determination of this appeal. The material portions are stated in the opinion.

The court confirmed the report of the referee, denying a motion of the defendant to modify the same. Judgment was duly entered for the plaintiff that he is lawfully entitled to the possession of the goods in controversy, and assessing the value of his interest therein at $1,690. On the counterclaim it was adjudged that defendant is entitled to redeem the goods on payment to the plaintiff of $1,690, and interest from August 1, 1887. The judgment gives the defendant ninety days in which to redeem, and if he fail to do so it forecloses him of any right to or claim upon the goods in question. The defendant appeals from the judgment.

For the appellant there was a brief by *Hicks & Phillips*, and oral argument by *E. R. Hicks*. They contended, *inter alia*, that the evidence in the case is so incomplete and self-contradictory that no just and true account can be stated from it. The only equitable method of settlement is to charge the plaintiff with the goods, credit him with the loan, and strike the balance. This is an equitable adjustment, because the plaintiff wrongfully converted the goods

at the first, contrary to the agreement that the mortgagor should remain in possession, and afterwards claimed to be absolute owner. It is impossible to identify the original *Dana* goods which are now on hand. Even conceding that the plaintiff was a mortgagee rightfully in possession, if he mixed the property with his own so that it cannot be distinguished, he must suffer all the loss and inconvenience of such confusion, and if its condition is so changed that it cannot be restored, he must pay the value at the time it was taken. This is the universal rule where a person in a fiduciary capacity mingles assets beyond identification. *Mowry v. White*, 21 Wis. 422; *Root v. Bonnema*, 22 id. 539, 543; *Mowry v. First Nat. Bank*, 54 id. 38, 46.

For the respondent there was a brief by *Waring, Eichstaedt & Niskern*, and oral argument by *G. D. Waring*.

The following opinion was filed October 9, 1888:

LYON, J. The circuit court adjudged the plaintiff a mortgagee of the goods in controversy. This is favorable to the defendant, and the judgment in this behalf is not reviewable on this appeal. Such review can only be had on an appeal by the plaintiff. He seems to be content with the judgment as it stands.

The allegations of the answer and the proofs show satisfactorily that the parties contemplated that the plaintiff should take immediate possession of the stock of goods and continue the business, and from time to time replenish the stock by purchases of other goods. In so doing the plaintiff was not a wrong-doer, but his possession of the stock, and the manner in which he dealt with it, was authorized by the contract, and hence not wrongful or unlawful. As between the parties, these additions to the stock became, in equity, part and parcel of the mortgaged property, to be treated and accounted for as such. After this action was

commenced, the stock was redelivered to the plaintiff, who continued the business as before until February 23, 1887. He then ceased making sales, boxed the unsold goods, and still retains them in his possession.

The principles upon which the accounting between the parties in respect to the mortgaged stock should be had seem to us very plain. The plaintiff should be credited with $2,300 as of May 1, 1886; also with the cost of all goods added to the stock, and expenses paid by him in carrying on the business. He should be charged with the sums he received from the sales of goods, whether out of the original stock or the additions made thereto. After a proper adjustment of interest on the loan and on payments, the balance between the amounts so credited and so charged to him will be the amount still unpaid on the loan. The items necessary to the statement of the account on that basis are furnished in the report of the referee. This report has passed successfully the scrutiny of the learned circuit judge, and seems to be well sustained by the evidence. As a matter of course, absolute certainty in stating such an account is unattainable, but we are satisfied that the respective amounts reported by the referee approximate accuracy as nearly as practicable.

Interest should be allowed the plaintiff on $2,300 from May 1, 1886; and the defendant should be allowed interest on the amount which the net receipts of the store reduced the debt, July 1, 1886, and August 1, 1887, from some average or equated time. Thus the payments which made such reduction before July 1, 1886, run through four months, commencing February 24th. Hence interest thereon should be computed from May 1, 1886. On the same principle the defendant should be allowed interest on the net reduction of payments made between July 1, 1886, and February 23, 1887 — about eight months. Interest on the amount of

that reduction should commence, therefore, about November 1, 1886.

The referee reported that the plaintiff added new goods to the stock, previous to July 1, 1886, which cost $372.16; that the expenses of the business to that date paid by him were $619.10; and that his total receipts from the store to that date were $1,705.56. He further reported that the plaintiff paid for new goods put in the stock between July 1, 1886, and February 23, 1887 (when sales ceased), $921.63; that the expenses of the business during the same time were $1,128.95; and that the total receipts from the store during the same period were $2,760.51.

In addition to the new goods above mentioned, the plaintiff purchased a stock of goods in Waupun, in March, 1886, for which he paid $554.55. He put this stock in the store, commingling it with the other goods there, and sold from the same without keeping any separate account of the amount of such sales. He treated it in all respects as a portion of the mortgaged stock, and, for reasons already given, we think properly so. The report of the referee contains findings in respect to this stock of goods; but, in the computations to ascertain the state of the accounts between the parties, the Waupun stock, and the proceeds thereof, seem to have dropped out of the case. The judgment does not treat it as a portion of the mortgaged stock subject to redemption, but only adjudges to the defendant, in case he redeems, what remains of the original Dana & Shaw stock, and of the new goods purchased with the proceeds thereof. In this respect it is erroneous. The judgment should provide that, in case of redemption, the defendant should be entitled to the goods of the Waupun stock which remain unsold. The value of these was found by the referee to be $578.98. It also results from this view that the plaintiff should be credited with the amount he paid for such stock, which was $554.55.

Stated upon the foregoing principles, the account will stand as follows:

### ACCOUNT TO JULY 1, 1886.

Plaintiff, Cr.

| | |
|---|---:|
| Loan to Dana & Shaw .............................. ............... | $2,300 00 |
| Interest, May 1 to July 1, 1886.............................. | 26 83 |
| Paid for Waupun stock..... .............................. | 554 55 |
| "     "   new goods....................................·..... | 372 16 |
| "     "   expenses....................................... | 619 10 |
| | $3,872 64 |

Dr.

| | | |
|---|---:|---:|
| Receipts from store............................. | $1,705 56 | |
| Int. from May 1, on $132.92, 2 mos.............. | 1 56 | |
| | | $1,707 12 |
| Due on mortgage debt, July 1, 1886..................... | | $2,165 52 |

### ACCOUNT TO AUGUST 1, 1887.

Cr.

| | | |
|---|---:|---:|
| Due July 1, as above ...........................·.............. | | $2,165 52 |
| Interest from that date to August 1, 1887 .... .............. | | 164 22 |
| Paid for new goods, after July 1, 1886........................ | | 921 63 |
| "   "   expenses   "   "  "   "  ..................... | | 1,128 95 |
| | | $4,380 32 |

Dr.

| | | |
|---|---:|---:|
| Receipts from store after July 1, 1886 ............ | $2,760 51 | |
| Int. from November 1, 1886, on $545.71, to August 1, 1887 ....................................... | 28 66 | |
| | | $2,789 17 |
| Due plaintiff, August 1, 1887......................... | | $1,591 15 |

Add interest from that date to the date of redemption.

This is nearly $100 less than the sum found due the plaintiff by the referee and the circuit court.

Because the judgment requires the defendant to pay more than the amount due the plaintiff to redeem the property, and because it fails to include what remains unsold of the Waupun stock, it must be reversed.

*By the Court.*— Judgment reversed, and cause remanded with directions to the circuit court to render the judgment indicated in the foregoing opinion.

The plaintiff moved for a rehearing. The following opinion was filed December 4, 1888:

LYON, J. The plaintiff moves for a rehearing on the grounds (1) that in the account stated between the parties by this court, an item of $103.20, found by the referee to have been received by the defendant from the receipts of the store, was omitted from the accounting; and (2) that inasmuch as the question whether the Waupun stock became a portion of the mortgaged goods was first raised in this court, no costs should be allowed the defendant on a reversal of the judgment solely because that stock was not therein adjudged to be covered by the mortgage.

1. The item of $103.20 was properly omitted from the accounting. The amount did not come from the pocket of the plaintiff, but was received by the defendant from the proceeds of the mortgaged property. That is, it came out of the plaintiff's security, and reduced the same just that amount. If the defendant redeems the mortgaged goods, the value of the goods which will then be returned to him will be that amount less than the same would have been had he not sold $103.20 worth of the goods and kept the money. If the defendant does not redeem, and the plaintiff forecloses his mortgage by a sale of the mortgaged goods, should the proceeds fall short of paying the mortgage debt, the deficiency would be increased the same amount, and it would be included in his recovery in an action for such deficiency. Hence, this item does not figure in this action of replevin, and counterclaim to redeem, and was properly omitted from the accounting.

2. It may be true, as counsel for plaintiff contends, that there are no specific exceptions to the omission of the circuit court to include the Waupun stock in the mortgaged goods, but there are exceptions to the failure of the circuit court to find that this stock and its proceeds had been so

commingled by the plaintiff with the *Dana* stock and its proceeds (which both parties seem to have conceded was the only stock covered by the mortgage) that the latter stock could not be separated from the Waupun stock for the purposes of an accounting. Upon this commingling of the two stocks, counsel for the defendant mainly rested their contention, in their argument of the appeal, that the basis upon which the account should be stated is to charge the plaintiff with the value of the mortgaged goods which came to his possession, and credit him with the loan. A settlement upon this basis would be more favorable to the defendant than is the account stated by this court. So we were thus called upon to determine whether there had been any commingling of goods as claimed, and we resolved the question in the negative, because, equitably, the Waupun stock was also included in the mortgage. Having so found on proper exception, our judgment necessarily disposed of that stock.

For the reasons above suggested, we conclude that the case was correctly decided in the first instance. The defendant is the prevailing party on the appeal, and is entitled to costs under the statute. Sec. 2949, R. S.

*By the Court.*— The motion for a rehearing is denied with $25 costs.